Chief Justice Robertson,
delivered the opinion of the court.
This is a suit iu chancery, brought by 'William Voorhies, against the administratrix and heirs of Samuel Arnold, deceased, to obtain a decree for the amount of a note alleged to have been executed by Arnold, to P. G. Voorhies, for $100, on the first of March, 1817, for money loaned, and charged to have been assigned to W. Voorhies, and since, casually lost..
The heirs, being infants, .answered by their guardian ad litem, and required proof of every material allegation.
The administratrix denied that the note was genuine, and insisted, if it was, that it had been paid. One witness (L. Batchelor) swore that lie was acquainted with the hand writing of the intestate, and had inspected the note in 1823, before this suit was brought, and believed the signature to be that of the intestate.
Jacob Swigcrt swore that he had compared the signature to the note, with other signatures of the intestate, and was satisfied that there was a striking resemblance between them.
Scott Brown, the father of the administratrix, swore-that the signature to the note was not in his opinion, that of Samuel Arnold, with whose hand writing he was well acquainted.
This was all the evidence, as to the genuineness of' the note. Batchelor proved the loss of the note; and also swore, that W. Voorhies, in 1823, offered to sell him the note for $75, in commonwealth’s notes (as he understood) then at a discount of fifty per cent.
It was also proved, that P. G. Voorhies was- insolvent or “very hard run;” and that Samuel Arnold was solvent and had resided in the same county, with said Peter; and that William is the son of Peter; and it was also proved, that in 1816 or ’17, P. G. Voorhies hired a negro man from S. Arnold, for three or four *508 moths at $30 a month; and there was no proof that the note had ever been presented or seen before 1823.
Decree-against infants must give them time after attaining years oficgal discretion, to contest the decree;
Monroe, foi appellant; Marshall and Julian, for ap-pellee.
Upon these facts, the circuit court decreed that the administratrix and heirs should pay to W. Yoorhies-$100, with six per cent, interest thereon from the first of March, 1817.
This decree must be reversed for several reasons.
1st. There is no proof of the assignment to the ap-pellee. He did not therefore, show any right to a decree, even if the note be genuine. The assignment is not admitted by the answers.
No time is reserved by the decree, to the infants, for contesting it after they shall attain years of legal discretion.
3d. All the circumstances considered together, create a strong presumption, that the note, if genuine, had been paid off; at least the probability of such a payment is such as not to justify the decree, when the proof, as to the genuineness of the note is also considered.
4th. The proof as to the signature of the intestate is not satisfactory. The administratrix denies its genuineness. One witness, positively corroborates her denial; only one witness affirms the genuineness of the signature. Swigert’s testimony, if admissible at all, is of the weakest kind.
The condition of the parties; the ability of the one to pay; the urgent necessities of the other; their neighborhood; the lapse of time; the offer to sell the note for about one fourth of its amount. The absence of any direct proof of the execution of the note. These, and other circumstances, tend to strengthen the probability that the note was spurious. However, the claim of the appellee, is rendered too suspicious to justify a decree in his favor. In a case so doubtful, the chancellor should not give relief.
■Wherefore, as the decree is not warranted upon the merits of the case; it is reversed, and the cause remanded with instructions to the circuit court, to dismiss the bill.
Petition for are-hearing-.